Health Value Med., P.C. v Country Wide Ins. (2022 NY Slip Op
51137(U))

[*1]

Health Value Med., P.C. v Country Wide Ins.

2022 NY Slip Op 51137(U) [77 Misc 3d 128(A)]

Decided on October 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DONNA-MARIE E. GOLIA,
CHEREÉ A. BUGGS, JJ

2021-258 Q C

Health Value Medical, P.C., as
Assignee of Antonette Holder, Appellant, 
against
Country Wide Insurance, Respondent.

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Thomas Torto, for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Terrence C. O'Connor, J.), entered April 5, 2018. The order, in effect, denied plaintiff's
motion to recalculate, from a simple rate to a compound rate, an award of statutory
no-fault interest in a judgment of that court entered March 17, 2017.

ORDERED that the order is reversed, with $30 costs, and plaintiff's motion to
recalculate, from a simple rate to a compound rate, an award of statutory no-fault interest
in a judgment entered March 17, 2017 is granted.
This action by a provider to recover assigned first-party no-fault benefits for a claim
submitted to defendant on or about February 9, 1999, arising from an accident that
occurred on September 24, 1998, was settled on July 31, 2008. Defendant did not pay the
settlement amount, and a judgment was subsequently entered on March 17, 2017
(see CPLR 5003-a) awarding statutory no-fault interest at a simple 2% per month
rate. Plaintiff moved, pursuant to CPLR 5019 (a), to have the interest recalculated
pursuant to the pre-2002 regulations, which required no-fault interest to be calculated at a
compound rate (see former 11 NYCRR 65.15 [h] [1]). Plaintiff appeals from an
order of the Civil Court which, in effect, denied its motion.
Plaintiff correctly argues that the claim involved herein is governed by the former
regulations providing for compound interest because the accident occurred prior to the
effective date of the current regulations, which now provide for a simple rate of interest
(see 11 NYCRR 65-3.9 [a], effective April 5, 2002; Matter of B.Z.
Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 155-156 [2021]).
Consequently, plaintiff's motion should have been granted. We note that, contrary to the
statement of the Civil Court, postjudgment interest in a no-fault action [*2]is governed by Insurance Law § 5106 and its
implementing regulations, not the CPLR (see Matter of B.Z. Chiropractic, P.C. v
Allstate Ins. Co., 197 AD3d 144).
Accordingly, the order is reversed and plaintiff's motion to recalculate, from a simple
rate to a compound rate, an award of statutory no-fault interest in a judgment entered
March 17, 2017 is granted.
ALIOTTA, P.J., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2022