New Life Acupuncture, P.C. v Country Wide Ins. Co. (2024 NY Slip Op 50120(U))

[*1]

New Life Acupuncture, P.C. v Country Wide Ins. Co.

2024 NY Slip Op 50120(U)

Decided on January 26, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 26, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-1043 Q C

New Life Acupuncture, P.C., as Assignee of Shelton Reason, Appellant, 
against
Country Wide Insurance Company, Respondent. 

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Jaffe & Velasquez, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered April 5, 2018. The order, in effect, denied plaintiff's motion to recalculate, from a simple rate to a compound rate, an award of statutory no-fault interest in a judgment of that court entered March 22, 2017.

ORDERED that the order is reversed, with $30 costs, and plaintiff's motion to recalculate, from a simple rate to a compound rate, an award of statutory no-fault interest in a judgment entered March 22, 2017 is granted.
This action by a provider to recover assigned first-party no-fault benefits for a claim submitted to defendant on or about May 4, 2000, arising from an accident that occurred on November 15, 1999 was commenced in 2002 and settled on July 31, 2008. Defendant did not pay the settlement amount, and a judgment was subsequently entered on March 22, 2017 (see CPLR 5003-a) awarding statutory no-fault interest at a simple 2% per month rate. Plaintiff moved, pursuant to CPLR 5019 (a), to have the interest recalculated pursuant to the pre-2002 regulations, which required no-fault interest to be calculated at a compound rate (see former 11 NYCRR 65.15 [h] [1]). Plaintiff appeals from an order of the Civil Court which, in effect, denied its motion.
Plaintiff correctly argues that the claim involved herein is governed by the former regulations providing for compound interest because the accident occurred prior to the effective date of the current regulations, which now provide for a simple rate of interest (see 11 NYCRR [*2]65-3.9 [a], effective April 5, 2002; Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 155-156 [2021]; Health Value Med., P.C. v Country Wide Ins. Co., 66 Misc 3d 127[A], 2019 NY Slip Op 52036[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, plaintiff's motion should have been granted. We note that, contrary to the statement of the Civil Court, postjudgment interest in a no-fault action is governed by Insurance Law § 5106 and its implementing regulations, not the CPLR (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144; Health Value Med., P.C. v Country Wide Ins., 77 Misc 3d 128[A], 2022 NY Slip Op 51137[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the order is reversed and plaintiff's motion to recalculate, from a simple rate to a compound rate, an award of statutory no-fault interest in a judgment entered March 22, 2017 is granted.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 26, 2024